IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00350-GCM

WILLIAM MUTH GLEASON SR,

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

<u>**ORDER**</u>

**THIS MATTER** comes before the Court on cross-motions for summary judgment by the Plaintiff (ECF No. 12) and the Commissioner (ECF No. 16). Plaintiff also filed a response (ECF No. 18). The matter is now ripe for disposition. Having fully considered the parties' arguments, the administrative record, and applicable authorities, the Court will deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner.

I.     BACKGROUND

William Gleason, Sr., a 35-year-old man, applied for a period of disability and disability insurance benefits under Title II of the Social Security Act in November 2017. In January of 2018, Gleason also applied for Supplemental Security Income (SSI) under Title XVI of the Act. Both applications were denied initially and on reconsideration. Gleason requested a hearing before an administrative law judge (ALJ). The ALJ conducted two hearings on November 21, 2019 and February 7, 2020. Gleason and a vocational expert testified at each hearing. The ALJ issued a decision denying benefits on March 6, 2020. The Appeals Council denied review on September

25, 2020. Gleason then sought judicial review in this Court under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## III. DISCUSSION

The Social Security Administration employs a five-step process to determine whether a claimant is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4) (2021). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity, i.e., whether they are working. Next, the Commissioner considers whether the claimant has a severe impairment, or impairments that are severe in combination. Then the Commissioner considers "the Listings," a category of impairments that are so severe that the claimant is automatically deemed to be disabled. Fourth, the Commissioner determines the claimant's "Residual Functional Capacity," (RFC) defined as what a claimant "can still do despite his limitations." *Id.* § 404.1545(a). Finally, the Commissioner considers whether the claimant is capable of performing

other jobs in the local or national economy. The plaintiff carries the burden at the first four steps; the government carries the burden at the last. *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

Plaintiff argues that the ALJ's failure to afford controlling weight to the opinions of Dr. Douglas McKee deprived the decision of "substantial evidence." *See* ECF No. 13 at 9–11. Plaintiff also claims that the ALJ's failure to account for the functional limitations that Dr. McKee outlined was erroneous, and caused the ALJ to fail to "build an accurate and logical bridge" from the evidence to his conclusion. *See id*. at 13–14; *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Neither argument has merit.

Starting with the first argument, Plaintiff relies on the so-called "treating physician rule," which requires ALJs to give "controlling weight" to the opinions of treating physicians under certain circumstances. *See Arakas v. Comm'r*, 983 F.3d 83, 106–07 (4th Cir. 2020) (explaining the rule). As the Commissioner points out, however, the treating physician rule does not apply to claims filed after March 27, 2017. *See* ECF No. 17 at 6; *Dowling*, 986 F.3d at 384 n.8. Under the new rule, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . ." 20 C.F.R. § 404.1520c. Instead, an ALJ considers a litany of factors in assigning weight to medical opinions, including the supportability and consistency of the opinion, the relationship of the provider with the claimant, and the expertise of the provider. *See id*. § (c).

Because Gleason's claims were filed after March 27, 2017, the ALJ did not err in declining to afford special (or controlling) weight to the opinion of Dr. McKee. The ALJ's opinion discussed Dr. McKee's statements at length before concluding that they were unpersuasive in light of (1) a

lack of objective evidence and (2) inconsistency with the statements of the claimant and of other providers. *See* A.R. 30–31.[1]

The ALJ's refusal to assign an RFC consistent with the limitations imposed by Dr. McKee was similarly proper. Having concluded that Dr. McKee's opinion was unpersuasive, the ALJ chose not to rely on it in assigning an RFC. Because the ALJ adequately built an "accurate and logical bridge" in assigning the RFC, and otherwise based his decision on substantial evidence, the Court will affirm the decision of the Commissioner.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. The Commissioner's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. The decision of the Commissioner is **AFFIRMED.**

**SO ORDERED.**

Signed: November 8, 2021

Graham C. Mullen
United States District Judge

---

[1] Citations to A.R. are to the Administrative Record.